W. S. CARTER et al  v.  S. A. LONG, ADMINISTRATOR OF CALEB SPENCER, deceased.

*Practice—Judgment according to Prayer of Complaint.*

Where the statement and prayer of a complaint clearly and with certainty fix the amount to which plaintiff is entitled to judgment, and this Court, on appeal, decides that the plaintiff is entitled to recover the amount demanded in the complaint, and, upon the case being certified to the court below, a judgment following the words of the prayer of the complaint was rendered, it will not be disturbed.

When the opinion of this Court ( 114 N. C., 187 ) was certified to the Superior Court of HYDE county, the plaintiffs, at Spring Term, 1894, before *Armfield, Judge presiding,* moved for judgment as follows :

1.  For the sum of three thousand dollars, being the purchase-money paid by Carter to Spencer for the fifty acres of land, with interest on the same from December 10, 1851, the date of the conveyance ; or,

2.  For the said sum with interest on the same from April 25, 1882, the date of the death of James W. Borden, the life tenant ; or,

3.  For the sum of three thousand dollars, with interest from the first of said dates subject to credit of twelve hun-

dred and fifty dollars, with interest from September 1, 1847, the date of the conveyance by Carter to Spencer.

The Court declined to render each of the said judgments asked in the order named, and rendered the judgment for $750 and interest from November 12th, 1888, at 8 per cent. per annum. To the refusal of the Court to render either of the judgments prayed for as above, the plaintiffs excepted and appealed.

*Mr. Chas. F. Warren*, for plaintiffs (appellants).
No counsel contra.

FURCHES, J.: This case was before this Court on the appeal of plaintiffs at February Term, 1894, when the Court decided that "There should have been judgment for plaintiffs for the sum demanded in the complaint, this being much less than the purchase money paid by Carter to Spencer." 114 N. C., 187. This opinion was certified to the court below, and at Fall Term, 1894, the plaintiffs moved for judgment upon the opinion so certified. The Court granted this motion and gave the plaintiffs judgment for "$750 with interest thereon at 8 per cent. per annum from November 12, 1888, and the further sum of $8.57 as demanded in the complaint." The plaintiffs being dissatisfied with this judgment appealed again to this Court, and contend that plaintiffs are entitled to judgment for $2,500, with interest thereon from April 25, 1882. So there is nothing for the Court to decide upon this appeal except as to the amount of the judgment, and this is to be determined by ascertaining "the amount demanded in the complaint."

Upon an examination of plaintiffs' complaint, paragraph 4, we find the following allegation: "Plaintiffs therein (referring to the action of *Borden* v. *Carter*) elected to

CARTER v. LONG.

take the unimproved value of the land which was ascertained by the jury to be $1,500, which sum was declared to be a lien upon the said tract of 100 acres, of which the tract conveyed by Spencer to Carter formed one-half." "That, by reason of the breach of warranty and the eviction of defendants under a paramount title, the plaintiffs in this action are entitled to recover of the defendant S. A. Long, administrator of Caleb Spencer, one-half the amount paid by them under said judgment, in said suit brought by Henry V. Borden and others, to-wit, the sum of $750 with interest thereon at 8 per cent. from the 12th of November, 1888, and the sum of ——— dollars, one-half of the cost of said action."

This statement of plaintiff's complaint seems to fix the amount to which plaintiffs were entitled to judgment, under the decision of this Court at February Term, 1894, so clearly and with so much certainty that we cannot conceive how there can be any misunderstanding about the matter. We therefore hold that the judgment of the court below, appealed from, gave plaintiffs all they are entitled to have. There is

No error.